IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELCHOR HAWKINS, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 2:11-CV-00288 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION AND GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Respondent's Motion for Summary Judgment. (D.E. 11.) On January 30, 2012, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation addressing Respondent's Motion for Summary Judgment. (D.E. 12.) The Magistrate Judge recommends that Respondent's Motion for Summary Judgment be granted, that Petitioner's application for habeas corpus relief be dismissed with prejudices as time-barred, and that a certificate of appealability be denied. (*Id.* at 10.)

On February 10, 2012, Petitioner timely filed objections to the Magistrate Judge's Memorandum and Recommendation. (Answer to Memorandum and Recommendation, D.E. 13.) Petitioner is entitled to a de novo disposition of those portions of the Magistrate Judge's Memorandum and Recommendation to which timely objections were filed. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

In her Memorandum and Recommendation, the Magistrate Judge found that Petitioner's application for habeas corpus relief was filed outside the one-year statute of limitations

established by the Anti-Terrorism and Effective Death Penalty Act (AEDPA); therefore, the Magistrate Judge concluded that Petitioner's cause of action is time-barred and should be dismissed with prejudice. (D.E. 12 at 5–6.) Moreover, the Magistrate Judge found that Petitioner failed to demonstrate extraordinary circumstances; consequently, she concluded that equitable tolling was not appropriate. (*Id.* at 7–8.)

Petitioner objects to the Magistrate Judge's findings and conclusions and requests that the Court equitably toll the one-year statute of limitations. (D.E. 13.) Petitioner argues that the AEDPA statute of limitations is not absolute, that he acted with reasonable diligence in pursuing his rights, and that it would be fundamentally unfair and overly harsh to dismiss his cause of action. (*Id.* at 9–13.) Additionally, Petitioner asserts that his delay in filing a petition for habeas relief in federal court was due to the Texas Court of Criminal Appeals' delay in responding to his state habeas petition. (*Id.* at 10.)

A jury found Petitioner guilty of four counts of aggravated sexual assault, one count of possession of child pornography, and one count of sexual performance by a child; and on August 24, 2006, judgment was entered by Judge Ricardo H. Garcia of the 79th Judicial District Court of Jim Wells County, Texas on all six counts. (D.E. 11-2 at 2–20.) Petitioner appealed his conviction to the Fourth Court of Appeals District of Texas in San Antonio, and in a written opinion issued on September 19, 2007, the Court of Appeals affirmed the judgments of the trial court on all six counts. (D.E. 7-4.) On February 13, 2008, the Texas Court of Criminal Appeals refused a petition for discretionary review. (D.E. 9-15.)

On July 6, 2009, Petitioner filed six applications for habeas review in state court, and the Texas Court of Criminal Appeals denied all six applications without a written order on October 13, 2010. (D.E. 10-4 at 32–56; D.E. 10-8 at 2; D.E. 10-11 at 28–53; D.E. 10-12 at 2;

D.E. 10-17 at 2, 29–54; D.E. 10-25 at 2, 33–58; D.E. 10-26 at 2, 33–58; D.E. 10-31 at 2, 32–57.) On August 15, 2011, Petitioner filed his federal petition for habeas corpus review. (D.E. 1)

For purposes of federal habeas review, Petitioner's state court judgments became final ninety days after the Texas Court of Criminal Appeals denied his petition for discretionary review and Petitioner declined to seek review in the United States Supreme Court. *Prieto v. Quarterman*, 456 F.3d 511, 513 n. 1 (5th Cir. 2006) (citing *Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004)). Accordingly, the state court judgments became final on May 13, 2008. Under AEDPA, Petitioner had one year from this date to file his petition for federal habeas corpus review. 28 U.S.C. § 2244(d)(1). Petitioner, however, did not file a petition for habeas corpus relief in federal court until more than three years after his conviction became final.

Petitioner argues that his delay in filing a federal habeas petition was due to the Texas Court of Criminal Appeals delay in responding to his application for habeas relief with the state court. (D.E. 13 at 10.) Under section 2244(d)(2), the time during which a properly filed application for state court collateral review is pending does not count toward the federal limitation period. Still, Petitioner did not file his state habeas petition until after the federal limitation period had already expired, and he did not file his federal petition for nearly a year after his state court petition was denied. Accordingly, even though the state court took more than fifteen months to address Petitioner's application for habeas relief, Petitioner's federal habeas petition was still untimely.

The AEDPA one-year statute of limitations is subject to equitable tolling at the discretion of the Court. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (citing *United States v. Wynn*, 292 F.3d 226, 229–30 (5th Cir. 2002)). Nevertheless, equitable tolling is only permitted in "rare and exceptional circumstances" where, due to external circumstances, it would be unjust

3

to strictly enforce the limitation period against a habeas petitioner. *Id.* at 364–65. Petitioner has not demonstrated that the state habeas court's delay in addressing his application for habeas corpus review prevented him from timely filing his federal habeas petition. Therefore, Petitioner's objection to the Magistrate Judge's Memorandum and Recommendation is overruled.

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 12), Petitioner's objections, and all other relevant parts of the record, and having made a de novo disposition of those portions of the Magistrate Judge's recommended disposition to which objections were raised, the Court adopts as its own the findings and conclusions of the Magistrate Judge.

Accordingly, Respondent's Motion for Summary Judgment (D.E. 11) is **GRANTED**, Petitioner's application for federal habeas corpus relief is **DISMISSED WITH PREJUDICE** as time-barred, and a certificate of appealability is **DENIED**.

**ORDERED** this 23rd day of February 2012.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE